# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4334 | **DATE** | June 7, 2012 |
| **CASE TITLE** | Larry Banks (#B-42423) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $8.00 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. On the court's own motion, Thomas Dart is dismissed as a defendant on preliminary review pursuant to 28 U.S.C. § 1915A. The clerk is directed to issue summonses for service on defendants Elwood and Johnson by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ **[For further details see text below.]**                                                    **Docketing to mail notices.**

## STATEMENT

The plaintiff, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Cook County Jail, violated the plaintiff's constitutional rights by using unjustified force against him and by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that officers maced him for no reason, then denied him needed medical care or even the opportunity to wash off the chemical agents.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $8.00. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, **(CONTINUED)**

| | mjm |
|---|---|

attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action against defendants Elwood and Johnson. Unjustified force against a pretrial detainee violates the inmate's rights under the Fourteenth Amendment. *See, e.g., Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 667-68 (7th Cir. 2012). Furthermore, inmates have a right to receive treatment for their serious medical needs. *Id.* at 671. While a more fully developed record may belie the plaintiff's allegations, defendants Elwood and Johnson must respond to the complaint.

However, the complaint fails to state a cause of action against Sheriff Dart. The plaintiff has alleged no facts suggesting Dart's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at Dart's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Because the plaintiff has failed to state any facts showing that Dart was personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, Dart is dismissed as a defendant in this matter.

The clerk shall issue summonses forthwith. The United States Marshals Service is appointed to serve defendants Elwood and Johnson. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If either defendant can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **The plaintiff is reminded that he must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an **(CONTINUED)**

## STATEMENT (continued)

appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.